## MAITLAND v. MAITLAND.
No. 61-1589-E.

Circuit Court, Duval County.
July 3, 1961.

Ralph E. Sistrunk, Jacksonville, for plaintiff.

H. E. Belflower, Jacksonville, for defendant.

FRANK H. ELMORE, Circuit Judge.

After due notice by or to all parties affected, a hearing was held before the court with respect to the matters disposed of by this order. Based on the pleadings the court finds —

The parties were divorced by a final decree entered on June 13, 1957 in the circuit court of the eleventh judicial circuit in and for Dade County by the Honorable J. Fritz Gordon, Judge. That court confirmed and incorporated in the final decree a separation agreement between the parties by which the defendant, the mother of the child, was given the custody of the minor child of the parties, Lynne Marie Maitland, with visitation privileges reserved to the plaintiff.

In October, 1958, the defendant-mother removed the child from Dade County without the plaintiff's knowledge or consent. This deprived him of his right of visitation.

The separation agreement also provided that the plaintiff should pay $15 a week for the support of the child. He did this until the defendant took the child from Dade County.

On May 2, 1961 the defendant filed in this cause a petition for a rule to show cause why the plaintiff should not be adjudged in contempt of court for failing to make support payments. An order for a rule was entered on May 3, 1961 and a rule was issued and served on plaintiff, returnable on May 24, 1961. On that date the

defendant filed a motion to dismiss the rule and an answer to the rule. The motion was denied and the cause was continued on the merits to June 2, 1961. On that date the plaintiff filed an amended motion to dismiss the rule reciting therein an order of Judge Gordon of the eleventh circuit, dated May 31, 1961, but entered nunc pro tunc as of January 23, 1959, a true copy of which is annexed to that motion. Judge Gordon's order confirmed his oral announcement that the plaintiff would not be required to pay further support money to the defendant until the defendant returned the child to Dade County.

On June 5, 1961 the undersigned entered an order stating that while he was ready to rule on the amended motion to dimiss he reserved decision at the request of the defendant's attorney to permit the parties to submit briefs, which were required to be filed by June 23, 1961. Plaintiff filed a memorandum, but defendant did not.

While §65.18, Florida Statutes 1959, provides that an order for the payment of support money for children, entered by any court of this state, may be enforced by another equity court, that statute does not confer jurisdiction to modify the order of the court of first instance. Section 65.15 permits the circuit court of the circuit in which either party resides to modify orders or decrees as to amounts of support, maintenance and alimony. Neither party has applied to this court for relief under that statute. This court was deprived of jurisdiction to proceed under §65.18 by Judge Gordon's nunc pro tunc order suspending the application and enforcement of the final decree as to the payment of child support moneys. It is accordingly ordered that the petition of the defendant is dismissed, with prejudice.